*MARY V. HARDWAY ET AL. v. CONSUMERS BREWING CO. ET AL.

**Title of Claimant of Aliquot Part of Land Held in Severalty must be Determined before Partition.**

Where the ownership of one of the aliquot parts of land held in severalty is in dispute, an action in partition can not be maintained by the party claiming said interest until his title thereto has been determined.

[Syllabus by the court.]

MOTION to dismiss appeal.

*J. R. Davies* and *Kibler & Kibler,* for plaintiffs.

*Norpell, Norpell & Martin, Sater, Seymour, Vorys & Pease,* for defendants in error:

---

*Affirmed, no op., Consumers Brew. Co. v. Hardway, 87 O. S. 485.

Cited and commented upon by the following authorities: *Roberts* v. *Remy,* 56 Ohio St. 249 [46 N. E. Rep. 1066] ; *Hogg* v. *Beerman,* 41 Ohio St. 81 [52 Am. Rep. 71] ; *Perry* v. *Richardson,* 27 Ohio St. 110; *McNeely* v. *Cincinnati,* 19 Dec. 210 (7 N. S. 441) ; 24 Cyc. 120, 121; *Sargeant* v. *Steinberger,* 2 Ohio 305 [15 Am. Dec. 553] ; *Lindsay* v. *Zanoni,* 3 Circ. Dec. 544 (6 R. 474) ; *Swihart* v. *Swihart,* 4 Circ. Dec. 624 (7 R. 338) ; *Stone* v. *Doster,* 3 Circ. Dec. 637 (7 R. 8) ; *Elstner* v. *Fisher,* 5 Circ. Dec. 597 (12 R. 517) ; *McRoberts* v. *Lockwood,* 49 Ohio St. 374 [34 N. E. Rep. 734] ; *Camp Phosphate Co.* v. *Anderson,* 48 Fla. 226 [37 So. Rep. 722] ; *Flaherty* v. *McCormick,* 113 Ill. 532; *Barr* v. *Chapman,* 11 Dec. Re. 862 (30 Bull. 264) ; *Pillow* v. *Improvement Co.* 92 Va. 144 [23 S. E. Rep. 32; 53 Am. St. Rep. 804] ; *Cecil* v. *Clark,* 44 W. Va. 659 [30 S. E. Rep. 216].

## PER CURIAM.

This is an action for partition, the plaintiffs; Mary V. Hardway, Eliza J. Henthorn and Stephen A. Gill, representing that they are the owners in fee simple and entitled to the immediate possession of an undivided three-twelfths part of the lands in the petition described; that the defendant, the Consumers Brewing Co., is the owner of an undivided two-thirds of said real estate; and that the unknown heirs of Sarah Ann Wadhams are the owners in fee simple of the undivided one-twelfth part of said real estate.

They further set out that the estate of the said plaintiffs and the said Sarah Ann Wadhams was an estate in remainder in said premises, arising immediately on the termination of the life estate of one Eliza M. Kidwell; that the said Eliza M. Kidwell departed this life on November 9, 1909.

The petition further alleges that the Consumers' Brewing Company is in the sole and exclusive possession of said premises; denies the right of the defendant to unlawfully keep plaintiffs out of the possession of their undivided three-twelfths part thereof; they allege that they have been, ever since November 9, 1909, entitled to their respective shares in said premises; that the said brewing company has had sole possession and has received all of the rents, amounting to $300 or more.   Wherefore, plaintiffs

pray judgment for the title and possession of their undivided three-twelfths part of said premises. They ask that partition may be made, if the same can be done without injury to the value of said property, and for an accounting of the rents and profits received by the defendant brewing company.

An answer was filed by the Consumers' Brewing Company, in which it admits, for its first defense, that it is a corporation; that it has the possession of the premises described; denies the right of the plaintiffs to any part thereof; admits that it has received the rents, issues and profits, amounting to about $300 or more; and denies each and every other allegation in the petition contained.

For its second defense, said defendant says that the cause of action on the part of the plaintiffs did not accrue within twenty-one years prior to the commencement of this action, and that the same is, therefore, barred by the statute of limitations.

For a third defense, it sets up adverse possession on the part of the answering defendant and its predecessors in title for more than twenty-one years; and makes the claim that it is the owner in fee simple of the whole of said premises.

To this answer and cross petition, the plaintiffs replied that all of the averments of the second defense are untrue. They deny the averments of the third defense in said answer and cross-petition set forth; and deny that the said brewing company has had adverse possession of said premises for more than twenty-one years prior to the commencement of this action. Wherefore, they pray as in their petition.

The cause comes into this court by appeal from the action of the court of common pleas upon the case thus stated.

A motion is filed to dismiss the appeal on the ground that, on the issue joined, the case is not appealable.

By the provisions of Sec. 5226 R. S. (G. C. 12224) "an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist."

Hardway v. Brewing Co.

It is further provided by Sec. 5130 R. S. (G. C. 11379) that "issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury shall be waived, or a reference be ordered as hereinafter provided."

So that the question presented for determination by this motion is whether or not the issue presented by the petition herein is one in which either of the parties has the right to demand a trial by jury. If the case is held to be one for the recovery of specific real estate, then such right exists. If it is a case for partition, under the statutes of Ohio, then the right to demand a jury does not exist, and the motion should be overruled.

Upon an examination of the issues tendered by the petition, we think that the right of partition does not exist until it is first determined whether or not the plaintiffs have title to the real estate claimed by them, as against the defendant, the Consumers' Brewing Company; that this is the primary object sought in this action; and that the partition is only incidental to the recovery of title by these plaintiffs.

Taking this view of the case, we are of the opinion that the motion to dismiss the appeal should be sustained.